UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

|  |  |
|---|---|
| MONICA BELL,<br>13001 Mistletoe Spring Road, Apt. #913<br>Laurel, MD 20708,<br><br>and<br><br>BEVERLY AVELAR,<br>3618 Connecticut Avenue NW #205<br>Washington, D.C. 20008,<br><br>and<br><br>MOHAMED ALI BANGURA,<br>9419 Stoney Ridge Road<br>Springdale, MD 20774,<br><br>and<br><br>QUINCY DAVIS,<br>2961 Wannen Avenue, Apt. B1<br>Landover Hills, MD 20784,<br><br>and<br><br>NHEA DUNCAN,<br>950-6 Richwood Road<br>Bel Air, MD  21014,<br><br>and<br><br>DANIEL GOODWYN,<br>4007 Warner Avenue #C2<br>Landover Hills, MD 20784,<br><br>and<br><br>ELIZABETH GUZMAN,<br>6416 85th Avenue<br>New Carrollton, MD 20784,<br><br>and | Civil Action No.:_____ |

1

**HERBER HERNANDEZ,**                    )
**6940 Heidelburg Road**                 )
**Lanham, MD 20706,**                    )
                                         )
**and**                                  )
                                         )
**JESSICA JAMES,**                       )
**13005 Old Stage Coach Road, #1418**    )
**Laurel, MD 20708,**                    )
                                         )
**and**                                  )
                                         )
**BRANDY LEEPER,**                       )
**1123 Royston Place, Apt. F**           )
**Bel Air, MD  21015,**                  )
                                         )
**and**                                  )
                                         )
**YOLANDA LOFTON,**                      )
**955-L Hillswood Road**                 )
**Bel Air, MD  21014,**                  )
                                         )
**and**                                  )
                                         )
**JANICE MARCHESANI,**                   )
**712 Beretta Way**                      )
**Bel Air, MD  21015,**                  )
                                         )
**and**                                  )
                                         )
**ISRAEL MEJIA,**                        )
**3107 81st Avenue**                     )
**Hyattsville, MD 20785,**               )
                                         )
**and**                                  )
                                         )
**KEN MILLER,**                          )
**9421 Washington Boulevard**            )
**Lanham, MD 20706,**                    )
                                         )
**and**                                  )
                                         )
**JUAN PADILLA,**                        )
**14601 Bowie Road, Apt. 202**           )
**Laurel, MD 20708,**                    )
                                         )
**and**                                  )

**CHRISTINE PASKO,**                                         )
**248 Mary Jane Lane**                                       )
**Bel Air, MD  21015,**                                      )
                                                             )
       *on behalf of themselves and on behalf*   )
       *of all other similarly situated,*         )
                                                             )
                  *Plaintiffs,*   )
                                                             )
    **v.**                                 )
                                                             )
**VS MANAGEMENT OF MD, INC.,**                               )
**8181 Professional Place, Suite 170**                       )
**Hyattsville, MD  20785-2226,**                             )
                                                             )
       **Serve Resident Agent:**            )
       **United Corporate Service, Inc.**   )
       **Suite 1200**                       )
       **20 South Charles Street**          )
       **Baltimore, MD 21201,**             )
                                                             )
**and**                                                      )
                                                             )
**GARY SILVERMAN,**                                          )
**28 Thunder Road**                                          )
**Holbrook, NY 11741-4424,**                                 )
                                                             )
**and**                                                      )
                                                             )
**MICHELE SILVERMAN,**                                       )
**28 Thunder Road**                                          )
**Holbrook, NY 11741-4424,**                                 )
                                                             )
**and**                                                      )
                                                             )
**BETHANY GROUP, LLC,**                                      )
**1920 Main Street #770**                                    )
**Irvine, CA 92614,**                                        )
                                                             )
       **Serve Officer:**                   )
       **Gregory Garmon**                   )
       **30741 Hilltop Way**                )
       **San Juan Capo, CA 92657-1503,**    )
                                                             )
**and**                                                      )
                                                             )

3

**JEFFREY SILVERMAN,**                      )
2 Windmere Ct.                              )
**Newport Coast, CA 92657-1503,**          )
                                            )
**and**                                     )
                                            )
**GREGORY GARMON,**                         )
**30741 Hilltop Way**                       )
**San Juan Capo, CA 92657-1503,**          )
                                            )
**and**                                     )
                                            )
**BETHANY HOLDINGS GROUP, LLC,**            )
**1920 Main Street, Suite 770**             )
**Irvine, CA  92614**                       )
                                            )
    **Serve Officer:**  )
    **Gregory Garmon**   )
    **30741 Hilltop Way** )
    **San Juan Capo, CA 92657-1503,** )
                                            )
**and**                                     )
                                            )
**CHARLES SHERMAN, JR.,**                   )
**3110 Stratford Ct.**                      )
**High Point, NC 27265-2480,**             )
                                            )
                        *Defendants.*  )
                                            )

## REPRESENTATIVE ACTION AND CLASS ACTION CIVIL COMPLAINT
## FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs Monica Bell, Beverly Avelar, Mohamed Ali Bangura, Quincy

Davis, Nhea Duncan, Daniel Goodwyn, Elizabeth Guzman, Herber Hernandez, Jessica James,

Brandy Leeper, Yolanda Lofton, Janice Marchesani, Israel Mejia, Ken Miller, Juan Padilla and

Christine Pasko, on behalf of themselves and on behalf of all other similarly situated employees,

by and through counsel, and file this Class Action and Representative Action Civil Complaint for

Equitable and Monetary Relief and Demand for Jury Trial against Defendants VS Management

Of MD, Inc., Gary Silverman, Michele Silverman, Bethany Group, LLC, Jeffrey Silverman,

Gregory Garmon, Bethany Holdings Group, LLC, and Charles Sherman, Jr.

## Introduction

1.      This is a Civil Class Action and Representative Action brought by the named

Plaintiffs Monica Bell, Beverly Avelar, Mohamed Ali Bangura, Quincy Davis, Nhea Duncan,

Daniel Goodwyn, Elizabeth Guzman, Herber Hernandez, Jessica James, Brandy Leeper, Yolanda

Lofton, Janice Marchesani, Israel Mejia, Ken Miller, Juan Padilla and Christine Pasko

(collectively, "Plaintiffs"), on behalf of themselves and the other similarly situated employees

and/or former employees ("the other similarly situated employees") who may participate as

permitted under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b) against Defendants

VS Management of MD, Inc., a Maryland for-profit corporation, and its owners Gary Silverman

and Michele Silverman; Bethany Group, LLC, a California for-profit corporation, and its owners

Jeffrey Silverman and Gregory Garmon; and Bethany Holdings Group, LLC, a Nevada for-profit

corporation, and its owner Charles Sherman, Jr.

2.      Plaintiffs assert that Defendants are jointly and severally liable to the Plaintiffs

and other similarly situated employees for violations of: the Fair Labor Standards Act of June 25,

1938, Chapter 676, 52 Stat. 1069, 29, U.S.C. §§ 201-19 ("FLSA"); the Maryland Minimum

Wage and Hours Law, Md. Code Lab. & Empl. §§ 3-501 et seq. ("MWHL"); the Maryland

Wage Payment and Collection Law §§ 3-401 et seq. ("MWPCL"); and Maryland common law

on a basis of *quantum meruit*.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over the claims presented pursuant to

the FLSA, a law of the United States regulating interstate commerce, and specifically under the

provisions of Section 16 of said Act, as amended (29 U.S.C. § 216(b)).

4.    The Maryland statutory and common law claims set forth herein are so related to and intertwined with the Plaintiffs' claims under the FLSA that they form a part of the same case and controversy. Therefore, this Court has supplemental jurisdiction over the Maryland state and common law claims presented in the first, second and fourth causes of action pursuant to 28 U.S.C. § 1367(a).

5.    Venue in this district and in this division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c), because Defendants conduct business in this judicial district and in this division.

**Parties**

6.    Plaintiff Monica Bell is domiciled in the State of Maryland and is a resident of Prince George's County.

7.    Plaintiff Beverly Avelar is domiciled in the District of Columbia.

8.    Plaintiff Mohamed Ali Bangura is domiciled in the State of Maryland and is a resident of Prince George's County.

9.    Plaintiff Quincy Davis is domiciled in the State of Maryland and is a resident of Prince George's County.

10.   Plaintiff Nhea Duncan is domiciled in the State of Maryland and is a resident of Hartford County.

11.   Plaintiff Daniel Goodwyn is domiciled in the State of Maryland and is a resident of Prince George's County.

12.   Plaintiff Elizabeth Guzman is domiciled in the State of Maryland and is a resident of Prince George's County.

13.   Plaintiff Herber Hernandez is domiciled in the State of Maryland and is a resident of Prince George's County.

14.   Plaintiff Jessica James is domiciled in the State of Maryland and is a resident of Prince George's County.

15.   Plaintiff Brandy Leeper is domiciled in the State of Maryland and is a resident of Hartford County.

16.   Plaintiff Yolanda Lofton is domiciled in the State of Maryland and is a resident of Hartford County.

17.   Plaintiff Janice Marchesani is domiciled in the State of Maryland and is a resident of Hartford County.

18.   Plaintiff Israel Mejia is domiciled in the State of Maryland and is a resident of Prince George's County.

19.   Plaintiff Ken Miller is domiciled in the State of Maryland and is a resident of Prince George's County.

20.   Plaintiff Juan Padilla is domiciled in the State of Maryland and is a resident of Prince George's County.

21.   Plaintiff Christine Pasko is domiciled in the State of Maryland and is a resident of Hardford County.

22.   Defendant VS Management of MD, Inc. ("VSM") is a Maryland for-profit corporation that has its principal place of business in the State of Maryland, employs ten (10) or more persons, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maryland.

23.   Defendant Gary Silverman is domiciled in the State of California and is and was at all times relevant to this action an owner of VSM.

24.   Defendant Michele Silverman is domiciled in the state of California and is and was at all times relevant to this action an owner of VSM.

25.     Defendant Bethany Group, LLC ("Bethany Group"), is a California for-profit corporation that owns properties and conducts business in the State of Maryland, employs ten (10) or more persons, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maryland.

26.     Defendant Jeffrey Silverman is domiciled in the State of California and is and was at all times relevant to this action an owner of Bethany Group.

27.     Defendant Gregory Garmon is domiciled in the State of California and is and was at all times relevant to this action an owner of Bethany Group.

28.     Defendant Bethany Holdings Group, LLC ("Bethany Holdings") is a Nevada for-profit corporation that has a business presence in the State of Maryland and/or otherwise conducts business and/or provides services in the State of Maryland, employs ten (10) or more persons, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maryland.

29.     Defendant Charles Sherman is domiciled in the State of North Carolina and is and was at all times relevant to this action an owner of Bethany Holdings.

30.     Defendants VSM, Gary Silverman, Michele Silverman, Bethany Group, Jeffrey Silverman, Gregory Garmon, Bethany Holdings Group, and Charles Sherman act through unified operation and/or common control so as to constitute an "enterprise" within the meaning of § 203(r) of the FLSA. 29 U.S.C. § 203(r)(1).

31.     In addition to Plaintiffs, Defendants have employed or do employ other similarly situated employees; that is, these persons are or were employed by Defendants as part of their workforce in Maryland, and are or were Defendants' employees as the term is defined by FLSA and Maryland statutory and common law.

32.     Upon information and belief, there are at least forty (40) similarly situated other persons who are or were employed by Defendants as part of their workforce in Maryland during the period from on or about January 31, 2009, to on or about February 27, 2009, and are or were Defendants' employees as that term is defined by FLSA and Maryland statutory and common law.

## Factual Allegations

33.     Defendant VSM is a for-profit business incorporated in the State of Maryland and has gross revenue in excess of $500,000 per annum, is engaged in the production of goods for interstate commerce and/or uses and handles goods which have moved in interstate commerce as such terms are defined in FLSA, employs ten (10) or more persons, and is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

34.     Defendant Bethany Group is a for-profit business that has gross revenue in excess of $500,000 per annum, is engaged in the production of goods for interstate commerce and/or uses and handles goods which have moved in interstate commerce as such terms are defined in FLSA, employs ten (10) or more persons, and is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL..

35.     Defendant Bethany Holdings is a for-profit business that has gross revenue in excess of $500,000 per annum, is engaged in the production of goods for interstate commerce and/or uses and handles goods which have moved in interstate commerce as such terms are defined in FLSA, employs ten (10) or more persons, and is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

36.     Defendant Gary Silverman is an owner of VSM and thus is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

37.    Defendant Michele Silverman is an owner of VSM and thus is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

38.    Defendant Jeffrey Silverman is an owner of Bethany Group and thus is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

39.    Defendant Gregory Garmon is an owner of Bethany Group and thus is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

40.    Defendant Charles Sherman, Jr., is an owner of Bethany Holdings and thus is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

41.    Monica Bell has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Monica Bell's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 1.)

42.    Beverly Avelar has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Beverly Avelar's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 2.)

43.    Mohamed Ali Bangura has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Mohamed Ali Bangura's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 3.)

44.    Quincy Davis has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Quincy Davis' Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 4.)

45.    Nhea Duncan has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Nhea Duncan's Notice of Opt-In and Cosent to Become Party Plaintiff Form, Exhibit 5.)

46.     Daniel Goodwyn has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Daniel Goodwyn's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 6.)

47.     Elizabeth Guzman has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Elizabeth Guzman's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 7.)

48.     Herber Hernandez has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Herber Hernandez's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 8.)

49.     Jessica James has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Jessica James' Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 9.)

50.     Brandy Leeper has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Brandy Leeper's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 10.)

51.     Yolanda Lofton has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Yolanda Lofton's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 11.)

52.     Janice Marchesani has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Janet Marchesani's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 12.)

53.     Israel Mejia has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Israel Mejia's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 13.)

11

54.     Ken Miller has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Ken Miller's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 14.)

55.     Juan Padilla has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Juan Padilla's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 15.)

56.     Christine Pasko has given her consent in writing to become a party plaintiff in this action on behalf of herself and the other employees similarly situated. (*See* Plaintiff Christine Pasko's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 16.)

57.     At all times relevant to this Complaint, Defendants have employed or do employ Plaintiffs and the other similarly situated employees, during which time the other similarly situated employees worked as property managers, leasing consultants, maintenance technicians and other residential community support staff in various locations in Maryland.

58.     Defendants willfully and intentionally failed to pay Plaintiffs and the other similarly situated employees wages they earned while employed by Defendants.

59.     Further, Defendants failed to pay Plaintiffs and the other similarly situated employees the required minimum wage during the period Plaintiffs went without wages.

60.     Upon their respective dates of employment, Plaintiffs and other similarly situated employees were required to sign an Employee Acknowledgement form stating that they were each an employee of Defendant VSM leased to Defendant Bethany Group.

61.     Plaintiffs and other similarly situated employees worked under the direct supervision and instruction of Defendant Bethany Group, but received paychecks issued by VSM and interacted directly with VSM's New York office on any payroll issues.  Plaintiffs

approached Defendant Bethany Group directly for guidance on matters relating to the fulfillment of their duties at the various property sites.

62.     As early as September 2008, Defendant Bethany Group began having funding difficulties, and Defendants first delayed payment of wages to Plaintiffs and the other similarly situated employees in or about November 2008, when they informed Plaintiffs and the other similarly situated employees that due to a "glitch in the system," payroll would not be ready on time.

63.     On or about December 24, 2008, Defendant Greg Garmon sent to Plaintiffs and the other similarly situated employees a notice that the December 26, 2008 payroll would be delayed "due to a funding gap" that month.

64.     Defendant Garmon attributed the budget shortfall to "anemic collections" and "increased loan liabilities," both of which "unfavorably affected [the company's] ability to fully cover payroll."

65.     Payroll was funded by December 29, 2008, after Defendant Bethany Group received additional funding and moved forward on a recapitalization plan.

66.     On January 7, 2009, Defendant Garmon again announced a potential delay in payroll, this time attributing the problem to a shortfall in property operating funds.

67.     Defendants paid Plaintiffs and the other similarly situated employees on or about January 14, 2009, but Defendants announced a delay for the next payroll on January 22, 2009.

68.     Plaintiffs and the other similarly situated employees did receive wages on or about February 6, 2009, for the last pay period in January of 2009, but from on or about January 31, 2009, through February 27, 2009, Defendants failed and/or refused to compensate Plaintiffs and the other similarly situated employees for any and all work performed for Defendants.

69.    Plaintiffs and the other similarly situated employees continued to report to work as usual from on or about January 31, 2009, through on or about February 27, 2009, and Plaintiffs and the other similarly situated employees performed all of their work related duties and obligations for Defendants during this timeframe.

70.    Despite the forgoing, Defendants have failed and/or refused to compensate Plaintiffs and the other similarly situated employees for any work performed from on or about January 31, 2009, through on or about February 27, 2009

71.    Defendants employed Plaintiffs and the other similarly situated employees and were required under the MWPC to pay each employee not subject to its statutory exceptions at least once in every two weeks or twice in each month.

72.    It is undisputed that Plaintiffs and the other similarly situated employees performed their duties throughout January and February of 2009, and thus under the MWPC, their right to compensation vested at that time.

73.    Plaintiffs and the other similarly situated employees in no way ever waived their rights to receive compensation from Defendants for work they had performed.  To the contrary, Plaintiffs and the other similarly situated employees to continue to work throughout the months of January and February with no hint that the terms of their employment had changed.

74.    Defendants were required under the MWPC to pay Plaintiffs and the other similarly situated employees all wages due for work that the employees performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.

75.    Defendants violated willfully and intentionally violated the FLSA by failing to pay Plaintiffs and the other similarly situated employees any compensation – not even the

required federal minimum wage – for the work each individual worked during the period from on or about January 31, 2009, through on or about February 27, 2009.

76.     Moreover, Defendants were required under the MWHL to compensate Plaintiffs and the other similarly situated employees for their work at the minimum wage rate set by the State of Maryland of $6.15 per hour for the work each individual worked during the period from on or about January 31, 2009, through on or about February 27, 2009.

77.     Defendants violated willfully and intentionally violated the MWHL by failing to pay any compensation – not even the minimum wage required by the State of Maryland – to Plaintiffs and the other similarly situated employees for the work each individual worked during the period from January 31, 2009 and February 27, 2009.

78.     Additionally, Defendants employed Plaintiffs and the other similarly situated employees and were required under the FLSA and the MWHL to compensate Plaintiffs and the other similarly situated employees for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked.

79.     During Plaintiffs' and the other similarly situated employees' employment with Defendants, they regularly worked in excess of forty (40) hours per calendar week.

80.     Defendants were aware that Plaintiffs and the other similarly situated employees regularly worked in excess of forty (40) hours per calendar week.

81.     Throughout Plaintiffs' and the other similarly situated employees' employment, Defendants systematically directed Plaintiffs and other similarly situated employees to take compensatory time in lieu of overtime wages for their work in excess of 40 hours per week.

82.     Plaintiffs' and the other similarly situated employees' primary duties and responsibilities as property managers, leasing consultants, maintenance technicians and other property management support staff roles did not allow them to exercise real and/or substantial

discretion in their work, and thus they were not bona fide professional, executive or administrative employees exempt from the overtime and record-keeping provisions of the FLSA and the MWHL.

83.     Because Plaintiffs and the other similarly situated employees are non-exempt under both the FLSA and the MWHL, Defendants were required by the FLSA and the MWHL to pay them time-and-a-half- for all work performed in excess of forty (40) hours per week.

84.     At all times relevant to this complaint, Defendants willfully and intentionally failed to pay overtime compensation to Plaintiffs and the other similarly situated employees at a rate of time-and-a-half for any time worked beyond forty (40) hours per calendar week.

85.     Plaintiffs and the other similarly situated employees conferred a benefit upon Defendants by working for Defendants.

86.     Defendants had an appreciation and/or knowledge of the benefits being conferred upon them by Plaintiffs and the other similarly situated employees, and Defendants were aware that Plaintiffs and the other similarly situated employees expected to be compensated with wages for their work on Defendants' behalf.

87.     When working on behalf of and for the benefit of Defendants, Plaintiffs and the other similarly situated employees regularly worked or did work in excess of forty (40) hours each week and were entitled to regular time and overtime wages of one-and-one-half times their hourly wage for their overtime hours worked.

88.     Defendants accepted or retained benefits conferred on them by Plaintiffs and the other similarly situated employees under circumstances that would make it inequitable for Defendants to retain those benefits without compensating Plaintiffs and the other similarly situated employees for the value of their services.

**Maryland Wage & Hour & Wage Payment & Collection Law Class Action Allegations**

89.     Plaintiffs and the other similarly situated employees performed all their duties during the period from on or about January 31, 2009, through on or about February 27, 2007, and thus under the MWPC, their right to compensation vested at that time.

90.     Despite Plaintiffs and the other similarly situated employees completing their duties, Defendants failed to pay Plaintiffs and the other similarly situated employees the compensation to which they were and are entitled.

91.     Defendants failed to pay Plaintiffs and the other similarly situated employees even the minimum hourly wage rate set by the State of Maryland for work they performed.

92.     Despite Plaintiffs and the other similarly situated employees regularly completing over forty (40) hours of labor for the Defendants in any given week, Defendants failed and/or refused to pay Plaintiffs and the other similarly situated employees the regular and overtime compensation to which they were and are entitled.

93.     When Plaintiffs and the other similarly situated employees worked for Defendants, they did not hold positions that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined  under the MWHL, and were therefore entitled to overtime pay per.

94.     In addition to Plaintiffs, there are numerous other persons employed by Defendants who are similarly situated to Plaintiffs in that such similarly situated persons, like Plaintiffs, performed work for Defendants for which Defendants failed to pay wages.  Upon information and belief, the number of such persons exceeds forty (40)

95.     The persons similarly situated to Plaintiffs and described in the preceding paragraph constitute a class of persons that is so numerous that joinder of all such persons individually is impractical.

96.     There are questions of law and fact common to the putative class which predominate over any questions affecting only individual members, which include, but are not limited to, the following:

    a.   The amount of regular wages due and owing by the Defendants to Plaintiffs and the other similarly situated employees pursuant to MWPCA.

    b.   The amount of overtime wages due and owing by the Defendants to Plaintiffs and the other similarly situated employees pursuant to MWHL.

    c.   Whether Defendants had an appreciation or knowledge of the benefits being conferred by the Plaintiffs and the other similarly situated employees, and whether the Defendants' retention of regular wages and overtime wages due and owing to Plaintiffs and the other similarly situated employees made it inequitable for Defendants to have received the benefits without paying for their value.

    d.   Whether Plaintiffs and the other similarly situated employees are entitled to the declaratory relief prayed for below;

    e.   The proper measure of their damages; and

    f.   Whether Plaintiffs and the other similarly situated employees are entitled to injunctive relief and the nature of such relief.

97.     The claims of Plaintiffs are typical of the claims of the above described class, in that the interests of the Plaintiffs are co-extensive with the interests of the other members of the putative class, there is a lack of adverse interests between Plaintiffs and the other members of the putative class, and common questions exist.

98.     Plaintiffs will fairly and adequately protect the interests of said class.

99.     A class action is superior to other available methods for the fair and efficient adjudication of the class claims under the Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Law, and in *quantum meruit*.

100.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the first, second and fourth causes of action should proceed as class actions in respect to the unpaid regular and overtime wages owed to Plaintiffs and the putative class members.

101.     The exact amounts owed to Plaintiffs and the putative class members is unknown but will be determined and stated after a review of the Defendants' records and/or upon the trial of this matter.

### FLSA Representative Action Allegations

102.     Plaintiffs and the other similarly situated employees were entitled to minimum wage and overtime compensation from Defendants pursuant to the FLSA.

103.     Despite Plaintiffs and the other similarly situated employees regularly completing over forty (40) hours of labor for the Defendants in any given week, Defendants failed and/or refused to pay Plaintiffs and the other similarly situated employees the minimum wage and overtime compensation to which they were and are entitled.

104.     When Plaintiffs and the other similarly situated employees worked for Defendants, they did not hold positions that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA.

105.     Plaintiffs bring this representative action on behalf of themselves and all other similarly situated employees. The cohort of similarly situated employees which Plaintiffs seek to represent is defined as follows:

> **All present and former non-exempt employees of Defendants employed in Maryland who are entitled to be compensated with minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and who were caused to sustain damages when they were not paid the minimum and overtime wages that were legally due and owing to them from and by Defendants.**

106.    The precise number of similarly situated employees and their addresses are unknown to Plaintiffs but are believed to exceed forty (40).

107.    The similarly situated employees may be identified from Defendants' records and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

108.    There is a well-defined community of interest in the questions of law and fact involved in this case which affect Plaintiffs and the other similarly situated employees. Questions of law and fact in common include, but are not limited to, the following:

    a.    The amount of minimum wages and overtime wages due and owing by the Defendants to Plaintiffs and the other similarly situated employees pursuant to FLSA;

    b.    Whether Defendants are unjustly enriched by refusing and failing to pay Plaintiffs and the other similarly situated employees all that is legally due and owing to them pursuant to the FLSA;

    c.    Whether Plaintiffs and the other similarly situated employees are entitled to the declaratory relief prayed for below;

    d.    The proper measure of their damages; and

    e.    Whether Plaintiffs and the other similarly situated employees are entitled to injunctive relief and the nature of such relief.

109.   Plaintiffs adequately represent the similarly situated employees because Plaintiffs will fairly and adequately protect their interest.  Plaintiffs' interests do not conflict with the interests of the similarly situated employees whom Plaintiffs seek to represent.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment litigation.

110.   The interests of the similarly situated employees will be fairly and adequately protected by Plaintiffs and their counsel, and this action may be maintained as a representative action because Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other similarly situated employees, thereby making appropriate final and injunctive relief or corresponding declaratory relief with respect to the similarly situated employees.

**COUNT I**
**Fair Labor Standards Act of 1938 (FLSA)**
**29 U.S.C. § 201, *et seq.***
**(Failure to Pay Minimum Wages and Overtime)**
**(As to the Named Plaintiffs and All Similarly Situated Hourly Wage Earners)**
**(As Against All Defendants, jointly and severally)**

111.   Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

112.   Defendants willfully and/or intentionally failed and/or refused to pay to the Plaintiffs and the other similarly situated employees the minimum wages and overtime wages due and owed under the FLSA for the period from on or about January 31, 2009, through on or about February 27, 2007.

113.   Defendants' actions were taken with willful disregard for the rights of Plaintiffs and other similarly situated employees under the FLSA.

21

114.    As a result of Defendants' unlawful conduct, Plaintiffs and the other similarly situated employees suffered a loss of wages.

115.    Plaintiffs and the other similarly situated employees are owed unpaid minimum wages and overtime wages by Defendants as allowed under 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon review of Defendants' records and/or at the trial of this action.

116.    The number of similarly situated employees, and the names of such persons, is unknown, but such persons, upon information and belief, number forty (40) or more, and such persons, who will be identified once discovery is had in this case upon the review of Defendants' records and upon such identification will file written consents to joinder with this Court pursuant to 29 U.S.C. § 216(b), are owed unpaid minimum wages and overtime wages from Defendants pursuant to 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon a review of Defendants' records and/or at the trial of this action.

117.    For violations of the FLSA, 29 U.S.C. § 216(b) allows Plaintiffs and the other similarly situated employees to recover from Defendants, in addition to any judgment awarded, an additional equal amount as liquidated damages as well as interest on the monies due and owing.

118.    29 U.S.C. § 216(b) further provides that Plaintiffs and the other similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorneys' fee to be paid by Defendants.

119.    Wherefore, Plaintiffs, on behalf of themselves and the other similarly situated employees on this first cause of action, seek judgment against Defendants, together with an award of interest and costs.

## COUNT II
### Maryland Wage Payment and Collection Act
### MD Code, Labor and Employment, §3-501, *et seq.*
### (Failure to Pay Wages Earned)
### (As to the Named Plaintiffs and All Similarly Situated Hourly Wage Earners)
### (As Against All Defendants, jointly and severally)

120.   Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

121.   Plaintiffs and the other similarly situated employees are or were "employees" and Defendants are "employers" as those terms are defined in the Maryland Wage Payment and Collection Act.

122.   Despite Plaintiffs and the other similarly situated employees completing everything required of them to earn wages during the period from on or about January 31, 2009, through on or about February 27, 2009, Defendants failed to pay Plaintiffs and the other similarly situated employees the wages they earned.

123.   Because Defendants failed to compensate Plaintiffs and the other similarly situated employees for the full amount of compensation for the hours which they worked on Defendants' behalf during the period from on or about January 31, 2009, through on or about February 27, 2009, Defendants wrongfully withheld their wages in violation of the Maryland Wage Payment and Collection Law.

124.   As the direct and proximate result of Defendants' willful and intentional violation of Maryland Wage Payment and Collection Law, Plaintiffs and the other similarly situated employees were caused to suffer damages.

125.   In addition to Plaintiffs, there are numerous other persons employed by Defendants who are similarly situated to Plaintiffs in that such similarly situated persons, like Plaintiffs, completed everything required of them to earn wages from the Defendants during the

period from on or about January 31, 2009, through on or about February 27, 2009, and upon information and belief the number of such persons exceeds forty (40).

126.    The other similarly situated employees described in the preceding paragraph constitute a class of persons that is so numerous that joinder of all such persons individually is impractical.

127.    There are questions of law and fact common to the putative class which predominate over any questions affecting only individual members, specifically whether they are entitled to damages as a result of the benefits, *i.e.* their uncompensated labor, conferred upon Defendants by Plaintiffs and the other similarly situated employees, the appreciation or knowledge of the benefits by the Defendants, and the retention of regular wages due and owing to Plaintiffs and the other similarly situated employees by Defendants in circumstances that make it inequitable for Defendants to have received the benefits without paying for their value.

128.    Plaintiffs' claims are typical of the claims of the above described class, in that Plaintiffs' interests are co-extensive with the interests of the other members of the putative class, there is a lack of adverse interests between Plaintiffs and the other members of the putative class, and common questions exist.

129.    Plaintiffs will fairly and adequately protect the interests of said class.

130.    A class action is superior to other available methods for the fair and efficient adjudication of the class claims for breach of contract.

131.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this first cause of action should proceed as a class action in respect to the unpaid regular wages owed to Plaintiffs and the putative class members.

132.    The exact amounts owed to Plaintiffs and the putative class members is unknown but will be determined and stated after a review of the Defendants' records and/or upon the trial of this matter.

133.    Wherefore, Plaintiffs, on behalf of themselves and the within described class of other persons similarly situated on this second cause of action, seek a judgment against Defendants, together with an award of interest and costs.

134.    For violations of the Maryland Wage Payment and Collection Law, § 3-507.1, Plaintiffs and the other similarly situated employees may recover from Defendants, in addition to any judgment awarded, their reasonable attorneys' fees and costs or fees of any nature, as well as treble damages.

135.    Wherefore, Plaintiffs, on behalf of themselves and the described class of similarly situated employees on this second cause of action, seek judgment against Defendants, together with an award of interest and costs.

**COUNT III**
**Maryland Wage and Hour Law**
**MD Code, Labor and Employment, §3-401 *et seq***
**(Failure to Pay Minimum Wage)**
**(As to the Named Plaintiffs and All Similarly Situated Hourly Wage Earners)**
**(As Against All Defendants, jointly and severally)**

136.    Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

137.    Plaintiffs and the other similarly situated employees are or were "employees" and Defendants are "employers" as those terms are defined in the Maryland Wage and Hour Law.

138.    Defendants failed to pay Plaintiffs and other similarly situated employees any wages for the work they performed during the period from on or about January 31, 2009, through on or about February 27, 2009.

139.    Defendants were required under the MWHL to compensate Plaintiffs and other similarly situated employees for their work at the minimum wage set by the State of Maryland of $6.15 per hour during the period they went unpaid during the period from on or about January 31, 2009, through on or about February 27, 2009.

140.    As the direct and proximate result of Defendants' willful and intentional violation of the Maryland Wage and Hour Law, Plaintiffs and the other similarly situated employees and similarly situated employees were caused to suffer damages.

141.    In addition to Plaintiffs, there are numerous other persons employed by Defendants who are similarly situated to Plaintiffs in that such similarly situated persons, like Plaintiffs, performed work, labor and services for Defendants during the period from on or about January 31, 2009, through on or about February 27, 2009,  for which such persons did not receive any compensation, not even at the minimum wage rate, upon information and belief the number of such persons exceeds forty (40).

142.    The other similarly situated employees described in the preceding paragraph constitute a class of persons that is so numerous that joinder of all such persons individually is impractical.

143.    There are questions of law and fact common to the putative class which predominate over any questions affecting only individual members, specifically whether they are entitled to damages as a result of the benefits, *i.e.* their uncompensated labor, conferred upon Defendants by Plaintiffs and the other similarly situated employees, the appreciation or knowledge of the benefits by the Defendants, and the retention of regular wages due and owing to Plaintiffs and the other similarly situated employees by Defendants in circumstances that make it inequitable for Defendants to have received the benefits without paying for their value.

144. Plaintiffs' claims are typical of the claims of the above described class, in that Plaintiffs' interests are co-extensive with the interests of the other members of the putative class, there is a lack of adverse interests between Plaintiffs and the other members of the putative class, and common questions exist.

145. Plaintiffs will fairly and adequately protect the interests of said class.

146. A class action is superior to other available methods for the fair and efficient adjudication of the class claims for breach of contract.

147. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this second cause of action should proceed as a class action in respect to the unpaid overtime wages owed to Plaintiffs and the putative class members.

148. The exact amounts owed to Plaintiffs and the putative class members is unknown but will be determined and stated after a review of the Defendants' records and/or upon the trial of this matter.

149. Wherefore, Plaintiffs, on behalf of themselves and the within described class of other persons similarly situated on this third cause of action, seek a judgment against Defendants, together with an award of interest and costs.

150. For violations of the Maryland Wage and Hour Law, § 3-427 allows Plaintiffs and the other similarly situated employees to recover from Defendants the difference between the wages actually paid to them and the required wages owed to them, in addition to any judgment awarded, and their reasonable attorneys' fees as well as their costs or fees of any nature.

151. Wherefore, Plaintiffs, on behalf of themselves and the described class of similarly situated employees on this second cause of action, seek judgment against Defendants, together with an award of interest and costs.

## COUNT IV
### *Quantum Meruit*
### Maryland Common Law
### (As To the Named Plaintiffs and All Similarly Situated Hourly Wage Earners)
### (As Against All Defendants, jointly and severally)

152.    Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

153.    At all times relevant to this complaint, Plaintiffs and the other similarly situated employees were employees of Defendants.

154.    Defendants had a contractual obligation to compensate Plaintiffs and the other similarly situated employees with regular and overtime wages for the regular and overtime hours Plaintiffs and the other similarly situated employees worked for Defendants.

155.    Plaintiffs and the other similarly situated employees conferred benefits upon Defendants by working regular and overtime hours on Defendants' behalf.

156.    Defendants had an appreciation or knowledge of the benefits being conferred upon them by Plaintiffs and the other similarly situated employees.

157.    Despite the foregoing, Defendants retained the regular and overtime wages due and owing to Plaintiffs and the other similarly situated employees in circumstances that make it inequitable for Defendants to have received the benefits without paying for their value.

158.    In addition to Plaintiffs, there are numerous other persons employed by Defendants who are similarly situated to Plaintiffs in that such similarly situated persons, like Plaintiffs, performed substantial regular and overtime work, labor and services for Defendants for which such persons did not receive the compensation, and upon information and belief the number of such persons exceeds forty (40).

159.   The persons similarly situated to Plaintiffs and described in the preceding paragraph constitute a class of persons that is so numerous that joinder of all such persons individually is impractical.

160.   There are questions of law and fact common to the putative class which predominate over any questions affecting only individual members, specifically whether they are entitled to damages in *quantum meruit* as a result of the benefits, *i.e.* their uncompensated regular and overtime labor, conferred upon Defendants by Plaintiffs and all persons similarly situated, the appreciation or knowledge of the benefits by the Defendants, and the retention of regular and overtime wages due and owing to Plaintiffs and all persons similarly situated by Defendants in circumstances that make it inequitable for Defendants to have received the benefits without paying for their value.

161.   Plaintiffs' claims are typical of the claims of the above described class, in that Plaintiffs' interests are co-extensive with the interests of the other members of the putative class, there is a lack of adverse interests between Plaintiffs and the other members of the putative class, and common questions exist.

162.   Plaintiffs will fairly and adequately protect the interests of said class.

163.   A class action is superior to other available methods for the fair and efficient adjudication of the class claims for breach of contract.

164.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this fourth cause of action should proceed as a class action in respect to the unpaid overtime wages owed to Plaintiffs and the putative class members.

165.   The exact amounts owed to Plaintiffs and the putative class members is unknown but will be determined and stated after a review of the Defendants' records and/or upon the trial of this matter.

166.    Wherefore, Plaintiffs, on behalf of themselves and the described class of similarly situated employees on this fourth cause of action, seek judgment against Defendants in *quantum meruit*, together with an award of interest and costs.

### Prayer for Relief

WHEREFORE, Plaintiffs pray this Honorable Court for the following relief:

A.      Certification of the proposed Plaintiffs' Maryland Wage Payment and Collection Law class and designation of Plaintiffs as class representatives and appointment of their counsel as counsel of record for the class;

B.      Certification of the proposed Plaintiffs' Maryland Wage and Hour Law class and designation of Plaintiffs as class representatives and appointment of their counsel as counsel of record for the class;

C.      An order appointing Plaintiffs and their counsel of record to represent all other similarly situated employees in their FLSA claims;

D.      Certification of the proposed Plaintiffs' *quantum meruit* class and designation of Plaintiffs as class representatives and appointment of their counsel as counsel of record for the class;

E.      A preliminary and permanent injunction against Defendants and their directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, improper activities and practices, policies, customs and usages set forth herein;

F.      An order awarding declaratory relief as requested herein and as the Court deems appropriate;

G.    An order awarding restitution and/or disgorgement of profits;

H.    Judgment against Defendants in the amount of economic damages, compensatory
      damages, liquidated damages, and punitive damages to be determined at trial;

I.    Pre-judgment interest;

J.    Employment, reinstatement, promotion, frontpay, or other equitable relief;

K.    Interest due on unpaid wages;

L.    Compensatory damages;

M.    A reasonable attorney's fee and the costs of this action; and

N.    Any other relief this Honorable Court deems just and proper to award.

## Demand for Jury Trial

Plaintiffs demand a trial by jury for any and all issues proper to be so tried.

*Monica Bell, Beverly Avelar, Mohamed Ali
Bangura, Quincy Davis, Nhea Duncan, Daniel
Goodwyn, Elizabeth Guzman, Herber Hernandez,
Jessica James, Brandy Leeper, Yolanda Lofton,
Janice Marchesani, Israel Mejia, Ken Miller, Juan
Padilla, and Christine Pasko on behalf of
themselves and on behalf of all other similarly
situated employees and/or former employees of
Defendants,*

R. Scott Oswald, D. Md. Bar No. 25391
Nicholas Woodfield, D. Md. Bar No. 15474
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for Plaintiffs*