# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| **MONICA BELL**, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 09-2054 RWT |
| **VS MANAGEMENT OF MD, INC.**, *et al.*, | ) |
| Defendants. | ) |

### DEFENDANTS GREG GARMON AND JEFFREY SILVERMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO VS MANAGEMENT OF MD, INC., MICHELE SILVERMAN AND GARY SILVERMAN'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendants GREG GARMON ("Garmon") and JEFFREY SILVERMAN ("J. Silverman"), by and through counsel, hereby file this Memorandum of Points and Authorities in Opposition to VS Management of MD, Inc., Michele Silverman and Gary Silverman's Motion for Summary Judgment.

On September 28, 2009, Defendants VS Management of MD, Inc., Michele Silverman and Gary Silverman (collectively, the "VS Management Defendants") filed a Motion to Dismiss the Plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. For the reasons discussed below, the Court should, pursuant to Fed. R. Civ. P. 56,

deny the VS Management Defendants' Motion to Dismiss and Motion for Summary Judgment.

## INTRODUCTION AND STATEMENT OF FACTS

Defendants Garmon and J. Silverman hereby reiterate the Statement of Facts presented by Plaintiff MONICA BELL, et al. ("Plaintiffs") in their Opposition to VS Management Defendants' Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, with the following exceptions:

- Defendants Garmon and J. Silverman deny that they were, at any time, employers of the Plaintiffs herein, as "employers" are defined by the FLSA, the MWHL, the MWPCL and common law.

- Defendants Garmon and J. Silverman further deny that they are liable in any manner, whatsoever, to Plaintiffs for any injury, harm, or damages, as alleged in the Complaint for any alleged wrongdoing under the common law or any alleged violations of the FLSA, the MWHL, or the MWPCL.

Moreover, the Service Agreement between CB American Spectrum Management and VS Management (which was assigned to the Bethany Group Defendants) provides that those employees who have completed the necessary forms as outlined in the Service Agreement "are employees of VS [Management]." Exhibit 1 to Michelle Silverman Declaration.

Therefore, the facts, as presented by VS Management show that VS Management was, in fact, an employer of these Plaintiffs.

///

///

**STANDARD OF REVIEW**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is said to exist if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party has the burden to demonstrate the absence of any genuine issue of material fact. Fed.R.Civ.P. 56(c); *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987).

**ARGUMENT**

Defendants Garmon and J. Silverman need only go as far as VS Management's own evidence to reveal the existence of a genuine issue of a material fact.

As referenced above and in Plaintiffs' opposing papers, VS Management presents the declaration of Michele Silverman in support of its Motion to Dismiss, and/or Motion for Summary Judgment. Although the statements within this declaration assert that VS was not the "employer" of these Plaintiffs for purposes of the FLSA, the MWHL, or the MWPCL, the evidence attached thereto suggests otherwise.

Namely, the declaration of Michele Silverman references and attaches the contract between CB American Spectrum Management and VS Management, and the subsequent assignments to the Bethany defendants ("Service Agreement"). Exhibit A to declaration of Michele Silverman. This Service Agreement provides that VS is an "employer" of the employees upon completion of certain documentation by these employees.

3

In pertinent part, the Service Agreement specifically provides: "VS shall not be considered an employer of any employee until that individual completes these forms and Client is notified that the ***employee has been hired by VS as a leased employee***." Ex. 1 at p. 2 (emphasis added).  The Service Agreement further states: "The parties expressly understand that VS is an independent contractor and that all employees who have completed the forms outlined above and have been placed on the payroll of VS to perform job functions for Client ***are employees of VS***." Id. (emphasis added).  "VS shall have sufficient authority so as to maintain a right of direction and control over leased employees assigned to Client's location, and shall ***retain authority to hire, terminate, discipline and reassign leased employees***." Id. (emphasis added).

The above-referenced language, alone, suffices to present a material fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  At the least, this evidence suggests that there are genuine issues relating to the VS Management Defendants' status as employers of these Plaintiffs employees.  VS Management Defendants have not met their burden.

As such, Defendants Garmon and J. Silverman respectfully request that this Court deny VS Management Defendants' Motion for Summary Judgment, *in toto*.

## CONCLUSION

WHEREFORE, and for the forgoing reasons, Defendants Garmon and J. Silverman respectfully request that this Court deny the VS Management Defendants' Motion for Summary Judgment.

By: _____/s/_____

    Robert E. Joyce, Esq. (#26427)
    Law Offices of Robert E. Joyce
    841 E. Fort Avenue
    #250
    Baltimore, MD 21230
    rejoycelaw@aol.com
    (443) 904-5706

    Saul E. Wolf, Esq. CA Bar No. 2448
    (Motion for Pro Hac Vice Admission Pending)
    MANLY & STEWART
    4220 Von Karman Ave., Suite 200
    Newport Beach, CA 92660
    Tel.: (949) 252-9990
    Fax: (949) 252-9991
    swolf@manlystewart.com
    Counsel for Defendants GREG GARMON and JEFFREY SILVERMAN